## FORBEARANCE AGREEMENT AND STIPULATION OF REPAYMENT ARRANGEMENT

Borrower(s) Name(s):   Daniel Hernandez and Sara M. Lloret, Husband and wife

Secured Property:   6380 Coolidge Street, Hollywood FL  33024

Loan Number:   ▇▇▇▇▇▇▇

Effective Date of Agreement:   May 1, 2014

Unpaid Principal Balance of Mortgage:  $164,292.46

MGC Mortgage, Inc. the current Servicer on behalf of the current holder, LPP Mortgage Ltd. (collectively herein, "Lender") and Daniel Hernandez and Sara M. Lloret, Husband and wife (collectively "Borrowers") agree as follows:

The mortgage loan account is in default, the full amount of the indebtedness has been accelerated and the Lender has begun exercising default remedies provided by the mortgage documents which may include legal action, collections and foreclosure ("Default Remedies"). At the request of you, the Borrower, and based upon representations of the Borrower in this Agreement, the Lender will agree to forbear from continuing the Default Remedies for a certain period of time if the Borrower agrees to the following conditions:

1. Borrower agrees to make future payments on the mortgage loan account as follows:

   a. Twelve equal monthly payments each totaling $1,234.76

   b. Payment shall begin on May 1, 2014; payment shall be due on or before the 1st of the month. The final payment will be due on or before April 1, 2015.

   c. All payments should be sent directly to:

      MGC Asset Loss Mitigation
      425 Phillips Blvd.
      Ewing NJ 08618

   d. All payments must be in the form of certified funds and made payable to MGC, and include the Loan Number on each installment.

2. It is expressly understood and agreed that time shall be of the essence as to each payment required to be made by Borrower pursuant to this agreement. For all payments, there shall be no grace period. Failure to make timely payments shall be considered in default as to the terms of this agreement and the foreclosure action shall continue.

3. It is expressly understood that any increase in monthly payments resulting from increase in ARM adjustment or escrow payments are to be imposed and paid prior to the loan becoming current.

4. It is expressly understood and agreed that in the event Borrower fails to make any of the payments required herein, said failure constitutes the default as to the terms of this agreement and Lender, at its sole option, may continue the foreclosure action without further notice to Borrower. Credit shall be given for any payments made consistent with the terms of this Agreement.

5. It is expressly understood and agreed that should Borrower convey title of the mortgaged premises,

Borrower shall be considered in default as to the terms of this agreement and the foreclosure action shall continue.

6. It is expressly understood and agreed that the default forming the basis of the foreclosure action is not cured or waived by the acceptance of any monies paid hereunder.

7. It is expressly understood and agreed that failure of Lender to declare a default upon breach of this agreement by Borrower shall not constitute a waiver or estoppel with respect to any future breach or default.

8. Borrower agrees that she/he has no defense, setoff or counterclaim against the Lender, the loan Servicer, sub-Servicer, or any of the Lender's, Servicer's, or sub-Servicers agents, successors or assigns with respect to the default or her/his obligations under the note and mortgage. The Servicer and Lender are relying upon Borrower's representations in this Agreement and would not otherwise enter into this Agreement except for Borrower's representations, agreements and promises to pay.

9. It is expressly understood and agreed that Borrower shall keep the real property taxes as to the mortgaged premises current. Failure to keep the real property taxes current and/or permitting a tax lien to attach to the property shall be considered in default as to the terms of this agreement and the foreclosure action shall continue.

10. It is expressly understood and agreed that this agreement is a trial payment period plan. Completion of this agreement does not constitute full payment of the amounts currently due to reinstate the mortgage. If Borrower completes the trial payment period plan described in Paragraph 1 herein, Lender will review the mortgage to qualify for a permanent loan modification.

Dated: 4/28/14

By: _____
Daniel Hernandez, Borrower

Dated: 4/28/14

By: _____
Sara M. Lloret, Borrower

STATE OF ___FL___
COUNTY OF ___Broward___

SWORN TO AND SUBSCRIBED before me this __28__ day of __April__, 2014 by __Isabel Castilla__ who is personally known to me or produced identification

_____
NOTARY PUBLIC

Dated: _____

By: _____

Title: _____
MGC Mortgage, Inc. the current Servicer on behalf of the current holder, LPP Mortgage Ltd., Lender

STATE OF _____
COUNTY OF _____

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2014 by _____ who is personally known to me or produced identification

_____
NOTARY PUBLIC